UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:   Case No. 15-13360-BKC-AJC

JULIO MOREIRAS and ARLINE MOREIRAS,   Chapter 7

    Debtors.
_____/

## TRUSTEE'S MOTION TO REVOKE DEBTORS' DISCHARGE FOR FAILURE TO COMPLY WITH STIPULATION TO COMPROMISE CONTROVERSY

Chapter 7 Trustee, Soneet R. Kapila (the "Trustee"), by undersigned counsel, requests that the Court enter an order revoking the Debtors' discharge, for the Debtors' failure to comply with a Stipulation to Compromise Controversy entered into between the Trustee and Julio Moreiras and Arline Mareiras (the "Debtors"), as set forth below, and states:

1. This case was commenced by the filing of a voluntary Chapter 7 petition on February 24, 2015. Soneet R. Kapila was appointed Chapter 7 trustee.

2. On or around April 27, 2015, the Trustee and the Debtors entered into a Stipulation to Compromise Controversy (the "Stipulation"), which provided that the Debtors agreed to purchase their non-exempt interest in their 2013 Income Tax Refund, 2002 Mercedes-Benz C320 and 2004 Honda Accord Sedan from the Trustee, for the amount of $6,800.00, payable as follows: (a) $2,266.66 due on June 1, 2015; (b) $2,266.66 due on July 1, 2015; and (c) $2,266.67 due on August 1, 2015.

3. In the Stipulation, the Trustee reserved the right to file a motion to revoke the Debtors' discharge should the Debtors default on the settlement agreement. The Debtors also agreed to pay the Trustee's attorney's fees and costs in the event of default.

4. On April 28, 2015, the Trustee filed a Motion to Approve Stipulation to Compromise Controversy [ECF No. 23] and on May 21, 2015, the Court entered an Order Approving Trustee's Motion to Compromise Controversy [ECF No. 28].

5.Thereafter, the Debtors did not make *any* payments on the Stipulation, rendering them in default of the Stipulation.

6.Pursuant to 11 U.S.C. § 727(a)(6), a debtor's discharge can be denied if the debtor refuses to obey any lawful order of the Court.  Pursuant to 11 U.S.C. § 727(d)(3), a debtor's discharge can be revoked if the debtor committed an act specified in 11 U.S.C. § 727(a)(6).

7.In the Stipulation, the Debtors waived the procedural requirement of an adversary proceeding to revoke the Debtors' discharge.

8.Since the Debtors have refused to obey lawful orders of this Court and are furthermore in default of the Stipulation, their discharge should be revoked.

WHEREFORE, the Trustee respectfully requests the Court enter an order revoking the Debtors' discharge, and for such other and further relief as the Court deems just and proper.

Dated:  September 21, 2015.LEIDERMAN SHELOMITH, P.A.
Attorneys for Soneet R. Kapila
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
    ZACH B. SHELOMITH
    Florida Bar No. 0122548
    zshelomith@lslawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served on September 21, 2015 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference) and via U.S. Mail to Julio Moreiras and Arline Moreiras, 8220 NW 172 St, Hialeah, FL 33015-3744 (also via certified mail).

By:_____/s/_____
    Zach B. Shelomith